IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NAASSON HAZZARD,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. **3:26-CV-2643-L-BW** |
| | § | |
| **UNITED STATES OF AMERICA and SUBDIVISION AGENCIES,** *Agent*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On September 3, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8) was entered, recommending that the court dismiss with prejudice this habeas action, brought pursuant to 28 U.S.C. § 2255, as frivolous until Petitioner satisfies the conditions of *Heck v. Humphrey*, 512 U.S. 477 (1994). In addition, the Report recommends that the court: (1) count this dismissal as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g); and (2) warn Petitioner that, if he files abusive, frivolous, or baseless civil cases or motions in any of his current or future civil actions, including this one, the court may impose monetary sanctions, bar him from filing any new motions or new actions, or subject him to other sanctions it deems appropriate.

In response to the Report (Docs. 11, 12), Petitioner advised the court that he does oppose the magistrate judge's recommendation or the dismissal of this action, and he agrees that applicable procedures must be followed. Before responding to the Report, Petitioner also objected (Doc. 10) to an order entered by the magistrate judge on September 17, 2026 (Doc. 7) in which the magistrate judge: (1) denied Petitioner's Motion (Doc. 5) as an improper request for legal advice; and (2) denied Petitioner's Motion (Doc. 6) for discovery as moot in light of the Report's recommended

dismissal of this action. Petitioner asserts that he opposes this order because he is representing himself, he is not a lawyer, and he does not have access to discovery. Petitioner further asserts that he needs access to discovery to prepare for and prosecute his section 2255 petition.

Having considered Petitioner's section 2255 motion, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** this action and all claims asserted by Petitioner as frivolous until he satisfies the conditions of *Heck v. Humphrey*. Further, the court: (1) counts this dismissal as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g); and (2) warns Petitioner that, if he files abusive, frivolous, or baseless civil cases or motions in any of his current or future civil actions, including this one, the court may impose monetary sanctions, bar him from filing any new motions or new actions, or subject him to other sanctions it deems appropriate.

The court also **overrules** Petitioner's objections (Doc. 10) to the magistrate judge's September 17, 2026 Order (Doc. 7) and rulings regarding his nondispositive Motions (Docs. 5, 6), as it finds no error in the magistrate judge's rulings given Petitioner's lack of opposition to the Report and dismissal of this action. The court, therefore, **affirms** the magistrate judge's September 17, 2026 Order (Doc. 7).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 30th day of October, 2026.

Sam A. Lindsay
United States District Judge

---

denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.